## Tyler v. Coolbaugh, as Garnishee.

On the trial of an issue between a judgment plaintiff and a garnishee, as to the ownership of money in the hands of the garnishee, the interest of the judgment defendant is in favor of the plaintiff, and he is a competent witness, when called by the garnishee.

Where a garnishee answered as follows: "That the garnishees were indebted to O. C. L, (the judgment defendant), agent, in the sum of $300,. 00, deposited by him, as agent, in their banking house, in currency, on the 24th of August, 1867; that they were also indebted him as agent, in the further sum of $37,00, deposited on the 12th of September, 1857; that the aforesaid credits stand on their books in the name of O. C. L., agent, and were in that manner deposited, and subject to be drawn by said O. C. L., as agent only; and, that at the time of making the first deposit, O. C. L. stated that he wished to open a bank account in his name, as agent, but did not state for whom he was acting as agent, nor did I ask him the question;" and where the plaintiff took issue on the answer of the garnishee; and where, on the trial, the garnishee offered the said O. C. L. as a witness, but he was held incompetent, and excluded by the court; *Held,* That the witness was competent, when called by the garnishee.

*Appeal from the Des Moines District Court.*

### Monday, April 4.

The plaintiff sued for the price of goods sold and delivered, and attached, summoning the firm of Coolbaugh & Brooks as garnishees. The only question made arises on the garnishment.

Coolbaugh, one of the firm, answered, in substance, as follows: "That the firm of Coolbaugh & Brooks were indebted to O. C. Lombard, as agent, in the sum of three hundred dollars, deposited by him, as agent, in their banking house, in currency, on the 24th of August, 1857; that they were also indebted to him, as agent, in the further sum of thirty-seven dollars, deposited on the 12th of September, 1857; that the aforesaid credits stand on their books in the name of O. C. Lombard, agent, and were in that manner deposited, and subject to be drawn by said O. C. L. as agent only; and that at the time of making the first deposit, L. stated that he wished to open a bank account in his name as agent, but did not state for whom he was acting as agent, nor did I ask him the question. These are all the facts, I believe, in connection with the matter."

On the same day with the filing of the above answer, was filed the following motion: Isaac Lombard, who owns the funds held by Coolbaugh & Brooks, which were deposited with them by O. C. Lombard, as the agent of said Isaac Lombard, comes and says the said money mentioned in the answer of the said garnishee, is the money of him, the said Isaac, and said O. C. Lombard was the agent of said Isaac, and as such agent of his principal, said Isaac, made said deposit, and for no other purpose; and said Isaac moves the court, therefore, to discharge the said garnishment, and order that the money be fully discharged from the same.

And afterwards, on the 18th of May, 1858, the plaintiff took issue on the garnishee's answer, alleging "that said garnishees are indebted to O. C. Lombard in the sum of three hundred and thirty-seven dollars, and this they are ready to verify." On the same day, Isaac Lombard filed a paper, denying the averments of plaintiff, taking issue, and says he owns said money, and did at the date of the garnishment."

The issue was tried by the court, who found in favor of the plaintiff, and rendered judgment against the garnishees for three hundred and thirty-seven dollars. A

bill of exceptions certifies, that the plaintiff having offered evidence tending to show the liability of the garnishees, they offered O. C. Lombard, the judgment debtor, as a witness, but he was held to be incompetent, and excluded by the court. Exception was taken, and this is the only error assigned.

*C. Ben Darwin*, for the appellant.

*Starr, Phelps & Robertson*, for the appellee.

WOODWARD, J.—One or two remarks upon this proceeding may be proper, before coming to the main question. It does not appear upon what rule of practice, Isaac Lombard comes into the case. He probably regards himself as a third person, claiming the property attached, as has sometimes been done in regard to other species of personal property, but there is no entry of record in relation to him, and he does not appear to have been regarded by the court.

The defendant does not object to the form or manner of the issue presented by the plaintiff; and yet it is worthy of the suggestion, and may be important to the garnishee, to ask, what was the issue which was tried? The garnishees do not deny owing the defendant, so that the plaintiff could join issue upon that, but they state the facts, leaving a case for the court to determine, whether they owed him; but there is no decision of the court upon the facts. In this position of the case, the plaintiff professes to make an issue upon the answer, by averring that the garnishees do owe the defendant. He seems to admit, tacitly, that this answer does not show an indebtedness, and that upon it the garnishees cannot be charged; but does he mean to aver that they do not hold that money for O. C. L., as an agent; or that, besides this, they hold money of his, or are indebted to him?

This question is important to the garnishees, to the ex-

tent of that money, for if the issue should be found against them, or they be charged, upon the latter sense of the issue, they would be in a position to pay that sum twice. The propriety of the issue is very doubtful, yet, as it has not been objected to, it will not be disturbed, but for the sake of the garnishees, a construction should be put upon the issue which will save them a double payment. The true intent of the issue is indicated and determined by the question made here. The garnishees offered O. C. Lombard as a witness, to prove that he was the agent of Isaac L., and that the three hundred and thirty dollars were the property of said Isaac, and that he (O. C.), deposited it as such agent.

O. C. Lombard is the execution debtor. Either the money deposited by him belongs to Isaac L., or it will go to the payment of O. C.'s debt. A witness thus situated, has usually been regarded as interested to subject the property to the payment of his debt—to relieve himself of his liability; and such it must be, if he has any, for, clearly, he has none to throw it into the hands of a third person. It has been sometimes considered as balanced, and if so, he would be a competent witness. The case is similar, in substance to that of an execution defendant, where a third person claims the property levied on; and in that case, the defendant has been held admissible as a witness.

We are inclined to regard the legal interest of the witness as tending in favor of the attaching plaintiff, and therefore hold him competent, when called by the garnishee. Consequently, in excluding him, the court was in error, and the judgment is reversed and the cause remanded. *Adams* v. *Foley et al.*, 4 Iowa, 44.